UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK and BASIL SEGGOS, as Acting Commissioner of the New York State Department of Environmental Conservation,

Plaintiffs,

-against-

AMERICAN PIPE AND PLASTICS, INC.,

Defendant.

**COMPLAINT**

3:16-CV-142[DNH/DEP]

The State of New York and Basil Seggos, Acting Commissioner of the New York State Department of Environmental Conservation ("DEC") and Trustee of Natural Resources (collectively referred to as the "State"), by their attorney, Eric T. Schneiderman, Attorney General of the State of New York, allege as follows:

**NATURE OF THE ACTION**

1. This civil action is brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), as amended, and the common law to recover costs that have been and will be incurred by the State in responding to the release and threatened release of hazardous substances at or from a facility known as the Former Bright Outdoors site, located at 631 Field Street in the Village of Johnson City, Broome County, State of New York (the "Site"), which was listed in the New York State Registry of Inactive Hazardous Waste Disposal Sites as a Class 2 site. These hazardous substances have contaminated the soil and groundwater at and in the vicinity of the Site, and

have threatened the public health and the environment. Defendant owned and operated the Site at the time hazardous substances were released at the Site and/or generated and/or transported hazardous substances that were disposed of at the Site. This action seeks (a) recovery of $843,667.43 in past response costs incurred by the State in response to the release and threatened release of hazardous substances into the environment at and from the Site, and (b) a declaration of Defendant's liability for future response costs, natural resource damages, enforcement costs and interest, and oversight costs that the State has incurred and may incur.

**JURISDICTION AND VENUE**

2. This Court has exclusive jurisdiction over the First Claim for Relief, which arises under the laws of the United States, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201 and 42 U.S.C. §§ 9607 and 9613. The Court has supplemental jurisdiction, under 28 U.S.C. § 1367, for the remaining claims for relief, which are based upon New York statutes and common law and arise out of a common nucleus of operative facts shared with the First Claim for Relief. The Court also has jurisdiction to enter a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, as well as 42 U.S.C. § 9613.

3. Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) because the threatened and actual releases of hazardous substances that give rise to this action occurred and/or are occurring in this District and the Site is located in this District.

**THE PARTIES**

4. Plaintiff State of New York, as a body politic and a sovereign entity, brings this action on behalf of itself and as *parens patriae*, trustee, guardian, and representative on behalf of all residents and citizens of New York, particularly those individuals who live in the vicinity of the Site and Broome County, New York.

5. Plaintiff Acting Commissioner Seggos, pursuant to CERCLA, 42 U.S.C. § 9607(f)(2)(B) and applicable New York statutory and common law, brings this action to recover damages for injury to, or loss of the State's natural resources.

6. Defendant American Pipe and Plastics, Inc. ("APPI") is a company organized under the laws of the State of New York and has a principal place of business at 958 Route 11 South, Kirkwood, NY 13795.

## STATUTORY AND REGULATORY BACKGROUND

7. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides that, when there is a release or threatened release of hazardous substances from a facility into the environment, certain categories of persons are liable to the State for (1) the costs that the State incurs to respond to the release or threatened release, including the costs of removal actions and remedial actions, so long as the costs are "not inconsistent with the national contingency plan."

8. Section 107(a) of CERCLA sets out four classes of potentially responsible parties: (1) current owners and operators of a facility; (2) any party that owned or operated a facility at the time that hazardous substances were disposed of at that facility; (3) any party that arranged for the disposal, treatment, or transport for disposal or treatment of hazardous substances at the facility; and (4) any party that accepted hazardous substances for transport to the facility. 42 U.S.C. § 9607(a).

9. "Environment," "facility," "hazardous substance," "release," "removal," "remedial action," and "respond," are defined in Sections 101(8), (9), (14), (22), (23)-(25) of CERCLA, 42 U.S.C. §§ 9601(8), (9), (14), (22), (23)-(25).

10. New York's Environmental Conservation Law ("ECL") requires DEC to maintain a Registry of Inactive Hazardous Waste Disposal Sites ("the Registry") in New York State.

11. Pursuant to New York Real Property and Proceedings Law, Section 841, upon a "final judgment in favor of the plaintiff" in an action for nuisance, a court may "award [plaintiff] damages or direct the removal of the nuisance or both."

## FACTUAL ALLEGATIONS

12. APPI owned the Site from 1984 to 2001.

13. Bright Outdoors, Inc., a former wholly owned subsidiary of APPI, operated the Site from 1984 to 1996.

14. From 1984 to 1990, Bright Outdoors assembled outdoor furniture from polyvinyl chloride ("PVC") pipe and vinyl-coated polyester upholstery at the Site.

15. From 1990 to 1996, Bright Outdoors manufactured consumer sporting goods from PVC pipe at the Site.

16. Bright Outdoors used various materials containing numerous chemical solvents in its operations. Several of the materials used contained trichloroethane ("TCA"), 2-butanone, acetone, and toluene, which were detected in various soil and groundwater samples.

17. Operations at the Site that used solvents and generated wastes have resulted in the disposal of hazardous substances, including volatile organic compounds ("VOCs") that include TCA, trichloroethylene ("TCE"), and associated breakdown products of both chemicals. These hazardous substances have contaminated the soil and groundwater at and in the vicinity of the Site.

18. Pursuant to Environmental Conservation Law ("ECL") § 27-1305, the Site was listed on the State's Registry of Inactive Hazardous Waste Disposal Sites based on the release of hazardous substances at and from the Site.

19. In responding to the release of hazardous substances at the Site, the State has

incurred costs, including, but not limited to, costs of investigation, removal, remedial activity, and operation and maintenance, as those terms are defined or used in Sections 101(23), 101(24), 101(25), 107(a) and 113 of CERCLA, 42 U.S.C. §§ 9601(23), 9601(24), 9601(25), 9607(a) and 9613, in relation to the Site.

20. The release of hazardous substances into the environment during the time of Defendant's ownership of the Site has caused injury to, destruction of and/or loss of the natural resources of the State as those terms are defined or used in Sections 101(16) and 107(f) of CERCLA, 42 U.S.C. §§ 9601(16), 9607(f).

21. On May 15, 2007, DEC sent letters to APPI and Bright Outdoors notifying them of their liability for contamination associated with the Site (attached as Exhibit A).

22. DEC has incurred $843,667.43 in unreimbursed past response costs as of December 4, 2013, as identified in its cost summary memorandum (attached as Exhibit B).

## FIRST CLAIM FOR RELIEF
## CERCLA

23. The State hereby incorporates by reference the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24. The Site is a "facility" under CERCLA, 42 U.S.C. § 9601(9).

25. There have been "releases" or threatened "releases," as that term is defined in Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of "hazardous substances," as that term is defined in Section 101(4), 42 U.S.C. § 9601(14), from the Site and other facilities at the Site into the environment.

26. Among the chemicals that were released and that are threatened to be released into the environment from the Site are hazardous substances consistent with operations at the

Site during the time of APPI's ownership of the Site that used solvents and generated wastes that contaminated the environment, including soils and groundwater, within the meaning of CERCLA, 42 U.S.C. §§ 9601(8), 9601(14) and 9601(22).

27. The State has incurred costs, and will continue to incur costs, to "respond," as that term is defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to the release and threatened release of hazardous substances at the Site, including costs to assess, monitor, evaluate, oversee and conduct response actions at the Site that constitute a "removal action" and/or a "remedial action," as those terms are defined in Sections 101(23) and (24) of CERCLA, 42 U.S.C. §§ 9601(23) and (24).

28. The State's response costs are not inconsistent with the National Contingency Plan, within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

29. Section 107(a) of CERCLA, § 9607(a)(4)(A), provides that persons who are current owners of a facility or were owners or operators at the time that hazardous materials were disposed "shall be liable for . . . all costs of removal or remedial action incurred by ... a State … not inconsistent with the national contingency plan."

30. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

31. Defendant owned the Site and when hazardous substances were disposed at the Site, and is thus an "owner" of a facility at the time of disposal within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

32. Defendant is strictly, jointly and severally liable to the State for past response costs incurred by the State in response to the release or threatened release at and from the Site.

33. Pursuant to CERCLA, 42 U.S.C. §§ 9607 and 9613, Defendant is strictly, jointly

and severally liable for future response costs to be incurred by the State as a result of the release or threatened release of hazardous substances at and from the Site.

34. The release of hazardous substances into the environment during the time of Defendant's ownership of the Site has caused injury to, destruction of and/or loss of the natural resources of the State within the meaning of CERCLA, 42 U.S.C. § 9607.

35. Pursuant to CERCLA, 42 U.S.C. §§ 9607 and 9613, Defendant is strictly, jointly and severally liable for any natural resource damages.

**SECOND CLAIM FOR RELIEF**
**UNJUST ENRICHMENT AND RESTITUTION**

36. The State hereby incorporates by reference the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37. At times relevant hereto, Defendant had and continues to have a duty and obligation to the public to investigate the scope of and abate completely and permanently the contamination described herein, and to alleviate the harm and risk of harm resulting from the contamination.

38. Defendant has failed to perform its duties and obligations in such circumstances.

39. Because of Defendant's failure to perform its duties and obligations, the State has had to investigate the scope of and abate the chemical contamination at and near the Site at the State's expense.

40. In taking the action and incurring the expenses set forth herein, the State has performed duties and obligations owed by Defendant.

41. The actions taken and expenses incurred by the State were necessary to ensure the health, safety and well-being of the public and the environment of the State.

42. Defendant has been unjustly enriched by the State's performance of these duties

and obligations owed by Defendant.

43. The State is entitled to restitution from Defendant for the expenses the State incurred in performing Defendant's duties and obligations.

44. The State has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**PUBLIC NUISANCE**

45. The State hereby incorporates by reference the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. The release of hazardous substances from the Site and their presence in the environment, including groundwater, at and in the vicinity of the Site constitute a continuing public nuisance.

47. Defendant participated in the creation of this continuing public nuisance at and in the vicinity of the Site.

48. The State incurred costs to abate the public nuisance at this Site.

49. Defendant is liable to the State under the common law of public nuisance and the New York Real Property and Proceedings Law, Section 841, for all costs, damages, and expenses arising from the State's abatement of this public nuisance.

**PRAYER FOR RELIEF**

WHEREFORE, the State requests judgment in its favor and against Defendant upon each claim and, further, requests that this Honorable Court enter judgment against Defendant:

1. Declaring Defendant to be strictly, and jointly and severally, liable to the State under CERCLA for, and awarding to the State, all costs and expenses, including interest, attorneys' fees and other costs of enforcement, incurred by the State in responding to the release or threat of release of hazardous substances at or from the Site, and damages to the State's

natural resources.

2. Declaring Defendant to be strictly, and jointly and severally, liable to the State under CERCLA for all future response costs and expenses, including interest, attorneys' fees and other costs of enforcement, to be incurred by the State in responding to the release or threat of release of hazardous substances at or from the Site, and future damages to the State's natural resources.

3. Declaring Defendant strictly, and jointly and severally, liable to the State for Defendant's unjust enrichment as a result of the State's actions; awarding the State restitution for its costs incurred at the Site; and, declaring Defendant to be strictly, and jointly and severally liable to the State for all future costs and expenses, including interest, attorneys' fees and other costs of enforcement to be incurred by the State in responding to the release or threat of release of hazardous substances at or from the Site, and future damages to the State's natural resources.

4. Declaring Defendant strictly, and jointly and severally, liable to the State for the costs of abating the public nuisance at and about the Site; awarding the State restitution of its costs incurred at the Site, and declaring Defendant to be strictly, and jointly and severally liable to the State for all future costs and expenses, including interest, attorneys' fees and other costs of enforcement to be incurred by the State in responding to the release or threat of release of hazardous substances at or from the Site, for abatement of the public nuisance, and future damages to the State's natural resources.

5. Ordering such other and further relief, in law or in equity, as the Court deems just and proper.

Dated: New York, New York
February 8, 2016

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Plaintiffs

By: /s/ Nancy M. Christensen

Nancy M. Christensen (Bar No: 519035)
Assistant Attorney General
Environmental Protection Bureau
120 Broadway
New York, NY 10271
Telephone: (212) 416-8464
Fax: (212) 416-6007
E-mail: Nancy.Christensen@ag.ny.gov