UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STATE OF NEW YORK and BASIL SEGGOS,
as Acting Commissioner of the New York State
Department of Environmental Conservation,

                      Plaintiffs,

          -against-

AMERICAN PIPE AND PLASTICS, INC.,

                      Defendant.

**CONSENT DECREE**
3:16-CV-00142-DNH-DEP

---

Plaintiffs the State of New York and Basil Seggos, as the Acting Commissioner of the New York State Department of Environmental Conservation ("DEC") (collectively, the "State"), and defendant American Pipe and Plastics, Inc. ("APPI" or "Settling Defendant") hereby agree as follows:

**WHEREAS**, the State brought claims in this action against APPI pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. § 9601 et seq. ("CERCLA"), and the common law of the State of New York, seeking to recover response costs that have been and will be incurred by the State in responding to the release or threatened release of hazardous substances at a site known as the Former Bright Outdoors site, located at 631 Field Street, Johnson City, New York 13760 (the "Site"), and seeking damages for injury to, destruction of and loss of natural resources,[1] including the reasonable costs of assessing such injury, destruction, or loss resulting from such releases (referred to herein as "natural resource damages"). The Site is listed in the *Registry of Inactive Hazardous Waste Disposal Sites in New York State (the "Registry")* as Site No. 704023.

**WHEREAS**, the State alleges that APPI as the former owner of the Site at the time of disposal within the meaning of § 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), is liable for all response costs incurred and to be incurred by the State in responding to releases of hazardous substances and natural resource damages associated with the Site pursuant to §§ 107(a)(2) and 113(g) of CERCLA, 42 U.S.C. §§ 9607(a)(2) and 9613(g).

**WHEREAS**, the State alleges that two former wholly-owned subsidiaries of APPI, both known as Bright Outdoors, Inc., were operators of the Site at the time of disposal within the meaning of §107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2). One of the corporate entities known as Bright Outdoors, Inc. was a New York corporation that was dissolved in 1996, and the second was a Florida corporation, authorized to do business in New York, that was dissolved in 2002.

**WHEREAS**, the State alleges that APPI is liable under the common law of the State of New York for maintaining a public nuisance at the Site, and for restitution and unjust enrichment with respect to the State's costs and expenses in investigating and remediating contamination associated with the Site.

**WHEREAS**, the State alleged in the Complaint that it has incurred as of June 2013, more than $840,000 in response costs with regard to the Site not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan (40 C.F.R. Part 300), and alleged that it has and will continue to incur costs in connection with its response actions.

**WHEREAS**, the State and APPI (collectively "the Parties") desire to fully and finally resolve all claims, including natural resource damage claims, associated with the Site that could now or hereafter be asserted by the State against the Settling Defendant and its affiliates, parents,

---

[1] As the term is defined in Section 101(16) of CERCLA and/or any other applicable federal or state law.

2

subsidiaries, related entities, predecessors, successors and assigns, and their respective officers, directors, employees, agents and representatives (the "Released Parties") with respect to the matters covered herein without the necessity or further expense of litigation, and without admission, adjudication or determination of any issue of fact or law. This Consent Decree (the "Consent Decree") fully and finally resolves liability of the Released Parties for response costs incurred and to be incurred and natural resource damages associated with the Site. The State has determined that full and final settlement of this case in accordance with the terms set forth below is in the best interest of the public.

**WHEREAS**, the Settling Defendant desires to settle and resolve the State's claims with respect to the Site without admitting or denying the State's allegations. The Parties agree that this Consent Decree represents a good faith compromise of disputed claims and that the compromise is fair, reasonable, in the public interest and in furtherance of the statutory goals of CERCLA and the goals underlying the common law claims asserted in the Complaint.

**WHEREAS**, upon approval and entry of this Consent Decree by the Court, this Consent Decree resolves all the State's claims against the Released Parties. The Court finds that there is no reason for delay and therefore enters the decree as a final judgment under Fed. R. Civ. P. 54 and 58.

### NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

#### PURPOSE AND SCOPE OF THIS DECREE

1. "Covered Matters," as that term is used in this Consent Decree, is defined to include claims that were, or could now or hereafter be, asserted by the State against the Released Parties arising out of or in connection with the known disposal, release, and/or threat of release of hazardous substances at or from the Site, including but not limited to injuries to natural

resources. It specifically includes the claims made by DEC in its letters dated May 15, 2007 to APPI and Bright Outdoors, Inc., advising of their alleged liability for contamination associated with the Site (copies of letters attached as Exhibit A to the Complaint) and all the unreimbursed costs identified by DEC in its cost summary memorandum dated December 4, 2013 (copy attached as Exhibit B to the Complaint).

2. The purpose of this Consent Decree is (1) to provide for payment of certain consideration to the State, to finally resolve the Covered Matters, (2) to provide contribution protection for the Covered Matters, (3) to provide mutual Covenants Not to Sue with respect to the Covered Matters, and (4) for the other purposes set forth herein.

## JURISDICTION

3. For purposes of entry and enforcement of this Consent Decree, the Parties to this Consent Decree agree that the Court has jurisdiction in this matter over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b) and shall retain jurisdiction to enforce the terms of this Consent Decree. Settling Defendant hereby waives all objections and defenses it may have to the jurisdiction of this Court or to the venue in this District.

## PARTIES BOUND

4. This Consent Decree shall apply to and be binding upon the State, including its departments, agencies, and instrumentalities and upon the Settling Defendant and its respective successors, assigns, parents, affiliates, subsidiaries, directors, officers, agents and representatives. Each signatory represents that he or she is fully and legally authorized to enter into the terms and conditions of this Consent Decree and to bind the party on whose behalf he or she signs. Any change in ownership or corporate status of the Settling Defendant, including any

transfer of assets or real or personal property, shall in no way alter its responsibilities under this Decree.

## DEFINITIONS

5. Unless otherwise expressly defined herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or such regulations.

## DISCLAIMER OF ADMISSIONS AND DENIALS

6. The Settling Defendant is entering into this Consent Decree as a compromise of disputed claims and in doing so does not admit or deny any liability, wrongdoing or fault for any of the claims alleged in the Complaint.

## CONSIDERATION BY SETTLING DEFENDANT

7. The Settling Defendant shall within thirty (30) days of the Effective Date of this Consent Decree pay the sum of one hundred thousand dollars ($100,000.00) by delivering to the Attorney General, Attention: Assistant Attorney General Nancy M. Christensen, 120 Broadway, 26th Floor, New York, New York 10271, a certified or bank check in that amount payable to the State of New York and containing a notation of DEC's site No. 704023.

8. The Settling Defendant's failure to comply with this Consent Decree shall subject the Settling Defendant, without prejudice to all other available enforcement mechanisms, sanctions, penalties or claims, to a proceeding in this Court for contempt of this Consent Decree.

## RELEASE, DISCHARGE AND COVENANTS NOT TO SUE

9. For so long as Settling Defendant complies with the terms of Paragraph 7 of this Decree, and subject to the Reopener in Paragraph 15 of this Decree, the State:

(a) releases and discharges the Released Parties from any claims, losses and damages with respect to the Covered Matters arising under any federal, state or local or common law, including, without limitation, CERCLA, the Environmental Conservation Law of New York ("ECL"), and the regulations related to such laws; and

(b) covenants not to sue or take any civil, judicial, or administrative action with respect to such claims, losses and damages, under any federal, state, or local or common law (other than enforcement of this Decree), including, without limitation, CERCLA, the ECL, and the regulations related to such laws, against the Released Parties, with respect to the Covered Matters.

10. The Settling Defendant releases, discharges and covenants not to sue, execute judgment, or take any civil, judicial or administrative action under any federal, state, local or common law against the State, or its employees or departments, or to seek against the State any costs, damages, contribution or attorneys' fees arising out of any of the Covered Matters; provided, however, that if the State, pursuant to the Reopener, asserts a claim or commences or continues a cause of action against the Settling Defendant with respect to the Site, other than to enforce the obligations contained in this Consent Decree, this Paragraph 10 shall not preclude the assertion by the Settling Defendant of any claims, counterclaims, defenses, or other causes of action against the State. Notwithstanding the foregoing, the Settling Defendant may assert any claims or causes of action against any person or entity other than the State, to the extent permitted by law, for any costs, damages, contribution or attorneys' fees arising out of or relating to any of the Covered Matters in this Consent Decree.

## CONTRIBUTION PROTECTION

11. In consideration of Settling Defendant's compliance with this Decree, the Parties agree that the Settling Defendant is entitled, as of the Effective Date of this Consent Decree, to the full extent of protection from contribution actions or claims as provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the potential liability of the Settling Defendant to persons not party to this Decree for the Covered Matters. As provided under CERCLA § 113(f), 42 U.S.C. § 9613(f) and New York General Obligations Law § 15-108, and to the extent authorized under any other applicable law, the Settling Defendant shall be deemed to have resolved its liability to the State under applicable law including, without limitation, CERCLA, the New York State Environmental Conservation Law, and common law, for purposes of contribution protection and with respect to the Covered Matters pursuant to and in accordance with this Decree. As provided under CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), the Settling Defendant shall not be liable for any claims for contribution with respect to Covered Matters.

12. To the extent authorized under CERCLA § 113(f)(3)(B), by entering into this Consent Decree, the Settling Defendant is entitled to seek contribution from any person except those who are themselves entitled to contribution protection under CERCLA § 113(f)(2). In addition, all claims and defenses of the Settling Defendant with respect to all other persons other than the State are expressly reserved.

## DISMISSAL OF THE STATE'S CLAIMS

13. All Claims asserted by the State in the Complaint against the Settling Defendant are hereby dismissed with prejudice.

## EFFECT ON LIABILITY OF OTHER PARTIES

14. Nothing in this Consent Decree is intended as a release of, or covenant not to sue with respect to, any person or entity other than the Released Parties and the State expressly reserves its rights to assert in a judicial or administrative forum any claim or cause of action, past or future, in law or in equity, that the State may have against any other person, firm, corporation, or other entity.

## REOPENER

15. Notwithstanding any other provision of this Consent Decree and any release or covenant not to sue that Settling Defendant may receive from the State, the State reserves, and this Consent Decree is without prejudice to, the right of the State to institute proceedings seeking to compel Settling Defendant: (a) to perform further response actions relating to the Site, or (b) to reimburse the State for additional costs of response, in either case only if:

(i) conditions at the Site existing on or before the Effective Date, previously unknown to the State, are discovered after the Effective Date, or

(ii) information existing on or before the Effective Date in whole or in part previously unknown to the State, is received after the Effective Date

and those previously unknown conditions or information, together with any other relevant information demonstrates that the response measures selected for the Site are not protective of human health or the environment.

For purposes of this Reopener, previously known conditions at the Site and previously known information include all conditions and information known to the State as of the Effective Date including, but not limited to, all conditions identified and information contained or submitted for inclusion in the Administrative Record attached to the Record of Decision for the Site dated

March 2007, in the Remedial Design Report for the Site, the Final Engineering Report (February 2012, revised June 2012) or in any previously submitted work plans, investigative reports, letters, data reports, proposals, fact sheets, memoranda or other documents or other documents in the files and records of the New York State Department of Environmental Conservation or information contained in guidance documents, guidelines and fact sheets issued by the New York State Department of Health.

## COMPLETE AGREEMENT/SIGNING

16. This Consent Decree constitutes the complete agreement of the Parties. This Consent Decree may not be amended, modified, supplemented, or otherwise changed without the written consent of both the State and Settling Defendant and approval of the District Court. This Consent Decree may be signed in counterparts.

## EFFECTIVE DATE

17. The Effective Date of this Consent Decree shall be that date on which this Consent Decree is entered by the Clerk of the United States District Court for the Northern District of New York.

## MISCELLANEOUS

18. The terms and conditions set forth herein are for use in the implementation of this Consent Decree only and do not constitute a basis or a precedent or represent the position of the State of New York or its executive agencies for any other dispute, claim, or cause of action of any kind that has or may be raised in any court of competent jurisdiction or arbitration proceeding, by any party proceeding against the State, its employees or any of its executive agencies for any purpose.

STATE OF NEW YORK and BASIL SEGGOS as
Acting Commissioner of the New York State
Department of Environmental Conservation and
Trustee of Natural Resources

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

Dated: February 5, 2016    By: _____
                               Nancy M. Christensen
                               Assistant Attorney General
                               New York State Department of Law
                               120 Broadway
                               New York, New York 10271


AMERICAN PIPE AND PLASTICS, INC.

Dated: January 4, 2016    By: _____
                              William Waltz, President


ORDERED, ADJUDGED AND DECREED this 26th day of February, 2016,

Utica, N.Y.

_____
U.S.D.J.

10